UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

ROBERT REESE, Individually, and
on behalf of all others similarly situated,

Plaintiff,   CASE NO.: 0:14-cv-60043-JIC
             CLASS REPRESENTATION

v.

JD CLOSEOUTS, LLC, Florida Limited Liability
Company and JD CLOSEOUTS.COM INC, Florida
Profit Corporation

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT AGAINST DEFENDANTS, JDCLOSEOUTS.COM INC AND JD CLOSEOUTS, LLC**

Plaintiff, ROBERT REESE, Individually, and on behalf of all others similarly situated (hereinafter "Plaintiff" or "the Class"), moves this Court for entry of a final default judgment against Defendants, JD CLOSEOUTS.COM INC. and JD CLOSEOUTS, LLC, (hereinafter collectively referred to as "Defendants"), pursuant to Fed. R. Civ. P. 55(b)(2), and states the following in support thereof:

1. On or about January 8, 2014, Plaintiff filed his Complaint [DE 1] against Defendants, JD CLOSEOUTS.COM INC., and JD CLOSEOUTS, LLC, and issued a summons on same.

2. On January 15, 2014, Defendants, JD CLOSEOUTS.COM INC., and JD CLOSEOUTS, LLC, were properly served with process.  [See Affidavit of Executed Summons DE #5 and 6].

3. On or about January 28, 2014, Plaintiff's counsel received an email from Joshua Widlansky, Esq. who indicated he was reviewing the claim and discussing possible representation of the defendants, JD CLOSEOUTS.COM INC., and JD CLOSEOUTS,

LLC and requested an additional 20 days to respond to the complaint". (See attached email as Exhibit "A").

4. Plaintiff's counsel granted the 20 extension; however, no responsive pleading and/or response to the Complaint was ever provided as of the date of this Motion.

5. Pursuant to the Federal Rules of Civil Procedure, Defendants, JD CLOSEOUTS.COM INC., and JD CLOSEOUTS, LLC, were to file a responsive pleading within twenty days of the date of service. Therefore the deadline to file a responsive pleading along with the additional 20 day extension the Defendant's Answer was due on February 25, 2014.

6. To date, Defendants, JD CLOSEOUTS.COM INC., and JD CLOSEOUTS, LLC, have failed to file an Answer or other responsive pleading.

7. On March 6, 2014, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, Plaintiff filed a Motion for Clerk's Default against Defendants JD CLOSEOUTS.COM INC., and JD CLOSEOUTS, LLC. [See Motion for Clerk's Default DE #7].

8. On March 7, 2014, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, a default judgment was entered against Defendants JD CLOSEOUTS.COM INC., and JD CLOSEOUTS, LLC. [See Entry of Default DE #8].

9. Upon information and belief, Defendant, JD CLOSEOUTS.COM INC., and JD CLOSEOUTS, LLC, is not a minor, an active member of the military or an incompetent person.

10. Pursuant to the provisions of Rule 55(b)(2), Federal Rules of Civil Procedure, this Court is empowered to enter a final default judgment against Defendants JD CLOSEOUTS.COM INC., and JD CLOSEOUTS, LLC for relief sought by Plaintiff in his Complaint.

## **MEMORANDUM OF LAW**

Where a party has failed to file a responsive pleading or otherwise appear after being served with a Complaint, the Plaintiff is entitled to entry of a default against the unresponsive party. Fed. R. Civ. P. 55(a). Once a default judgment is entered against a party, all allegations but those regarding damages in the Complaint are taken as true. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). "[B]y defaulting, the [defendants are] deemed to have 'admit[ted] the plaintiff's well-pleaded allegations of fact' for purposes of liability." *Coton v. Televised Visual X-Ography, Inc.*, 740 F. Supp. 2d 1299, 1307 (M.D. Fla. 2010) (*quoting Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)); *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007); *Shandong Airlines Co. v. CAPT, LLC*, 650 F. Supp. 2d 1202, 1206 (M.D. Fla. 2009) (*citing Buchanan*). When a court determines that a defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977); Fed. R. Civ. P. 8(d); Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 2d 2688. If the admitted facts establish the defaulting defendants' liability, the plaintiff is entitled to relief against those defendants. *See Shandong Airlines*, 650 F. Supp. 2d at 1206; *United States v. Henley*, Civ. No. 8:10-2208-T-24-TGW, 2011 WL 1103894, at 2 (M.D. Fla. Mar. 25, 2011) (*citing Tyco Fire*). Pursuant to Fed. R. Civ. P. 54(c), the relief awarded "must not differ in kind from, or exceed in amount, what is demanded in the [complaint]." *See Rasmussen v. Cent. Fla. Council Boy Scouts of Am., Inc.*, No. 10-12238, 2011 WL 311680, at 2 (11th Cir. 2011); *Magee v. Maesbury Homes, Inc.*, Civ. No. 6:11-209-Orl-19DAB, 2011 WL 1457173, at 2 (M.D. Fla. Apr. 15, 2011); *Enpat, Inc. v. Budnic*, Civ. No. 6:11-86-PCF-KRS, 2011 WL 1196420, at *1 (M.D. Fla. Mar. 29, 2011).

The Plaintiff's damages recoverable under FDUTPA claim are limited to actual damages. As such, Plaintiff's damages are the amounts contracted to under the initial agreements to purchase furniture and for the lost value of therein.  Nonetheless, although Plaintiff's damages are liquidated, Plaintiff, on behalf of themselves and the Class, cannot ascertain their damages unless and until they are able to conduct class wide discovery and Defendants are ordered to produce the names and contact information of all the members of the respective Class.  Upon Defendants' disclosure of all applicable class wide discovery pertaining to the members of the Class and the costs they incurred by switching the terms of the agreements Plaintiff will be able to provide the Court with an amount of damages that should be awarded to the respective Class. Nonetheless, until such class wide discovery is completed, Plaintiff has pled and are entitled to receive all the relief sought in their Complaint including, but not limited to, monetary and punitive damages and other statutory remedies permitted and all other consequential economic damages as well as an award for attorney's fees and the costs of this action pursuant to Fla. Stat. §501.2105 and 18 U.S.C. §1964(c).  Accordingly, Plaintiffs request that this Court enter final default judgment against Defendants, JD CLOSEOUTS.COM INC., and JD CLOSEOUTS, LLC, and hold both Defendants, including any and all shareholders and/or owners of JD CLOSEOUTS.COM INC., and JD CLOSEOUTS, LLC, jointly and severally liable to the Plaintiffs and members of the Classes for the damages incurred.

## CONCLUSION

**WHEREFORE**, Plaintiff prays that this Court: (1) enter judgments of default against Defendants, JD CLOSEOUTS.COM INC., and JD CLOSEOUTS, LLC; (2) hold Defendants, JD CLOSEOUTS.COM INC., and JD CLOSEOUTS, LLC, including all shareholders and owners of JD CLOSEOUTS.COM INC., and JD CLOSEOUTS, LLC, jointly and severally liable for all

damages owed to the Plaintiff and the members of the Class; (3) to award Plaintiffs all relief requested in their Class Action Complaint.

Filed this 26th day of March, 2014.

/s/Dennis A. Creed, III
Dennis A. Creed, III, Esq.
Fla. Bar No. 0043618

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of March 2014 a true and correct copy of the foregoing was furnished via Certified Mail to Joseph Beyhan, 4200 N 29th Ave., Unit D, Hollywood, FL 33020, Registered Agent for Defendants, JD CLOSEOUTS.COM INC., and JD CLOSEOUTS, LLC.

/s/Dennis A. Creed, III
Dennis A. Creed, III, Esq.
Fla. Bar No. 0043618
dcreed@ffmlawgroup.com
501 N. Reo Street
Tampa, Florida 33609
Ph: (813) 639-9366 / Fx: (813) 639-9376
Attorney for Plaintiff