UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-60043-CIV-COHN/SELTZER

ROBERT REESE, individually,
and on behalf of all others
similarly situated,

    Plaintiff,

v.

JD CLOSEOUTS, LLC, Florida
limited liability company, and
JD CLOSEOUTS.COM INC.,
Florida profit corporation,

    Defendants.

_____/

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND
DISMISSING CASE FOR LACK OF JURISDICTION**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Final Default Judgment Against Defendants [DE 9] ("Motion").  The Court has carefully reviewed the Motion and the entire file of this case, including Plaintiff's Class Action Complaint [DE 1], the Returns of Service upon Defendants [DE 5; DE 6], the Clerk's Defaults entered against Defendants [DE 13], and Defendants' failure to timely respond to Plaintiff's Motion.

**I.    Background**

Plaintiff Robert Reese, a Florida resident, brought this proposed class action against Defendants JD Closeouts, LLC, and JD Closeouts.com Inc., two Florida-based companies that sell wholesale quantities of closeout and surplus merchandise. See DE 1 at 2-3 (Class Action Compl.).  In general, Plaintiff claims that Defendants violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201– 501.213, by misrepresenting the poor quality of their goods to buyers and

preventing them from obtaining a refund.  See DE 1 at 13-16.  Plaintiff seeks to represent a class of "[a]ll purchasers and/or clients who have purchased from Defendants during the relevant time period."  Id. at 12.  Plaintiff's Complaint asserts, without further detail, a single ground for federal jurisdiction:  "This Court has jurisdiction of the causes of action set forth in this Complaint pursuant to the Class Action Fairness Act of 2005.  28 U.S.C. [§] 1332(d)."  DE 1 at 2.

After Defendants did not timely respond to the Complaint, Plaintiff moved for entry of default.  See DE 7; Fed. R. Civ. P. 55(a).  The Clerk entered default against Defendants the next day.  See DE 8.  Plaintiff now seeks a final default judgment. See DE 9; Fed. R. Civ. P. 55(b)(2).  Specifically, Plaintiff requests that the Court award damages to all members of the proposed class, but first allow Plaintiff to conduct discovery about the class members' identities and alleged damages.  See DE 9 at 4.

## II.  Discussion

By its default, a defendant "admits the plaintiff's well-pleaded allegations of fact." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] Yet such a default "does not in itself warrant . . . entering a default judgment."  Id. Rather, "[t]here must be a sufficient basis in the pleadings for the judgment entered." Id.  This is because a defendant is "not held to admit facts that are not well-pleaded or to admit conclusions of law."  Id.; accord Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005).  Such legal conclusions include the existence of subject-matter jurisdiction, which the Court must examine before addressing the merits. See Wernick v. Matthews, 524 F.2d 543, 545 (5th Cir. 1975) ("[W]e are not free to

---

[1] Decisions of the former Fifth Circuit issued before October 1, 1981, are binding precedent in the Eleventh Circuit.  See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

2

disregard the jurisdictional issue, for without jurisdiction we are powerless to consider the merits.  If we lack jurisdiction, it is our duty to notice that fact sua sponte."); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Subject-matter jurisdiction "involves the court's competency to consider a given type of case," so it "cannot be waived or otherwise conferred upon the court by the parties."  Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1000 (11th Cir. 1982).  More, a plaintiff who files a federal-court action "has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."  Underwriters at Lloyd's v. Osting-Schwinn, 613 F.3d 1079, 1085 (11th Cir. 2010).

In this case, Plaintiff alleges that jurisdiction is proper under the Class Action Fairness Act ("CAFA").  See 28 U.S.C. § 1332(d).  CAFA generally "grants subject matter jurisdiction to federal district courts over class actions in which (1) any member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant, (2) the aggregate amount in controversy exceeds $5 million, and (3) the proposed plaintiff class contains at least 100 members."  S. Fla. Wellness, Inc. v. Allstate Ins. Co., 745 F.3d 1312, 1315 (11th Cir. 2014) (citing 28 U.S.C. § 1332(d)(2), (5)-(6)).  But while Plaintiff broadly alleges that CAFA jurisdiction exists, he has not pleaded sufficient facts to show that the three jurisdictional elements are satisfied here.

First, the only potential class member identified in the Complaint is Plaintiff, who has the same state citizenship (Florida) as Defendants.  Plaintiff does claim that Defendants ship merchandise "throughout the United States of America."  DE 1 at 3.  Yet despite presumably knowing of CAFA's minimal-diversity requirement, Plaintiff has failed to disclose even one non-Florida member of the proposed class.

Second, the facts alleged by Plaintiff do not prove an aggregate amount in controversy of more than $5 million. This jurisdictional amount must be "either stated clearly on the face of the documents before the court, or readily deducible from them." Lowery v. Ala. Power Co., 483 F.3d 1184, 1211 (11th Cir. 2007). Plaintiff's Complaint states that "the class will be comprised of up to 1,000 or more absent Class members." DE 1 at 5. Even assuming there are 1,000 putative class members, however, the Complaint fails to show that the average amount of each member's claim is at least $5,000—the figure needed to meet the $5 million CAFA threshold. Plaintiff contends that Defendants advertised used furniture at "[a] low $2,999 per load." Id. at 10. But if Plaintiff's claims about the very poor quality of Defendants' goods are accurate, it seems unlikely that many class members would have purchased more loads after receiving the first one. Plaintiff further maintains that his total cost for buying a load of furniture, including shipping, was $4,073.94. See id. at 11. Even if each class member spent a like amount, and the goods they received had **no** value, the class's total actual damages would be just over $4 million. See Fla. Stat. § 501.211(2) (authorizing recovery of "actual damages"). And though Plaintiff also seeks attorney's fees under FDUPTA, see Fla. Stat. § 501.2105, those fees would not approach $1 million, especially since no substantive litigation has occurred in this action.

Third, Plaintiff arguably has not shown that the proposed class includes at least 100 members. The Court has accepted Plaintiff's high-end estimate of 1,000 class members for purposes of analyzing the amount in controversy. Yet the actual language used in the Complaint is more vague, stating that "the class will be comprised of **up to 1,000** or more absent Class members." DE 1 at 5 (emphasis added). This broad estimate suggests that Plaintiff has no specific idea how many people are in the

4

proposed class. Reinforcing this notion is Plaintiff's request for discovery about the identities and claimed damages of potential class members. This request is "tantamount to an admission" that Plaintiff does "not have a factual basis for believing that [CAFA] jurisdiction exists." Lowery, 483 F.3d at 1217; see Fed. R. Civ. P. 11(b). Too, circuit precedent forecloses Plaintiff from taking discovery in an effort to obtain jurisdictional facts that he "should have had—but did not—before coming through the courthouse doors." Lowery, 483 F.3d at 1216.

In sum, Plaintiff has not met his burden of establishing, by a preponderance of the evidence, the necessary facts to support federal jurisdiction under CAFA. See Osting-Schwinn, 613 F.3d at 1085. The Court therefore lacks jurisdiction to consider Plaintiff's state-law claim—much less enter a default judgment in his favor—and dismissal is required. See Wernick, 524 F.2d at 545; Fed. R. Civ. P. 12(h)(3).

### III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Final Default Judgment Against Defendants [DE 9] is **DENIED**;

2. The above-styled action is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction; and

3. The Clerk shall **CLOSE** this case and **DENY AS MOOT** all pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 21st day of July, 2014.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF